IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WANDA CHURCH,

        Plaintiff,                          No. CIV S-04-2115 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.                 ORDER

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated March 12, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe neck pain and left upper extremity neuropathy but that these impairments do not meet or medically equal a listed impairment; plaintiff is not substantially credible; plaintiff can perform sedentary work but with no repetitive left upper extremity manipulations and postural tasks; plaintiff cannot perform her past relevant work; there are a significant numbers of jobs in the national and state economy which plaintiff can perform; and plaintiff is not disabled. Administrative Transcript ("AT") 17-

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

19. Plaintiff contends the ALJ improperly considered the testimony of the vocational expert and that additional records submitted to the Appeals Council warrant a remand.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

A. Vocational Expert Testimony

Plaintiff contends the ALJ did not properly consider the vocational expert's testimony. Hypothetical questions posed to a vocational expert must set out all the substantial,

3

supported limitations and restrictions of the particular claimant.  <u>Magallanes v. Bowen</u>, 881 F.2d 747, 756 (9th Cir. 1989).  If a hypothetical does not reflect all the claimant's limitations, the expert's testimony as to jobs in the national economy the claimant can perform has no evidentiary value.  <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 850 (9th Cir. 1991).  While the ALJ may pose to the expert a range of hypothetical questions, based on alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination must be supported by substantial evidence in the record as a whole.  <u>Embrey v. Bowen</u>, 849 F.2d 418, 422-23 (9th Cir. 1988).

         Plaintiff asserts the hypothetical posed to the vocational expert and relied on by the ALJ in determining plaintiff was not disabled was incomplete because it did not include limitations alleged by plaintiff in her hands and neck.  The hypothetical posed to the vocational expert by the ALJ incorporated the limitations found by the consultative examining orthopedist, the state agency physicians, and the consulting psychologist.  AT 142-146, 149-155, 165-169, 277-281.  Such evidence constitutes substantial evidence.  The more restrictive limitations posed by plaintiff's attorney were appropriately rejected by the ALJ as unsupported by the record. AT 16-17, 281-282, <u>cf.</u> AT 146 (despite limitations associated with neck and upper extremities, consultative orthopedist found plaintiff could perform sedentary work), AT 144 (plaintiff reported normally able to move neck but experienced neck stiffness day of examination due to failure to take muscle relaxants).

    B.  Evidence Submitted to Appeals Council

         Plaintiff also contends additional evidence submitted to the Appeals Council, but which predates the date of the hearing and the ALJ's decision, supports the extreme limitations with respect to her dominant right hand posited by plaintiff's counsel in cross-examining the vocational expert.  When the Appeals Council denies review, the decision of the ALJ is the <u>final</u>

decision. <u>Russell v. Brown</u>, 856 F.2d 81, 83-84 (9th Cir. 1988).[2]  However, the evidence considered by the Appeals Council in denying the request for review becomes part of the administrative record for review by this court.  <u>See</u> <u>Ramirez v. Shalala</u>, 8 F.3d 1449, 1452 (9th Cir. 1993); <u>see also</u>  <u>Harman v. Apfel</u>, 211 F.3d 1172, 1179-80 (9th Cir.), <u>cert</u>. <u>denied</u>, 531 U.S. 1038 (2000) (the court may properly consider the additional materials because the Appeals Council addressed them in the context of denying appellant's request for review).

        The records relied on by plaintiff demonstrate only that plaintiff had symptoms consistent with a moderate case of carpal tunnel syndrome.  AT 203.  The electrodiagnostic evidence was negative for any other kind of dysfunction.  AT 203.  With respect to the possible impingement syndrome involving the right shoulder, radiological correlation was negative.  AT 195, 203.  Given the relatively benign findings, the additional records submitted to the Appeals Council do not present substantial evidence supporting plaintiff's claim of disability due to numbness in the hands and inability to move her neck.  Moreover, there is nothing in the additional records that suggests the ALJ failed to appropriately develop the record.  <u>See</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir. 1996) (record must contain objective evidence suggesting a condition that could have a material impact on the disability decision).

        The ALJ's decision is fully supported by substantial evidence in the record and

/////
/////
/////
/////
/////
/////

---

[2]  Only if the Appeals Council <u>grants</u> review, and then issues a decision on the merits does the Appeals Council's decision become the final decision of the Commissioner.  <u>Russell</u>, 856 F.2d at 83-84.

based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

        1.  Plaintiff's motion for summary judgment or remand is denied, and

        2.  The Commissioner's cross-motion for summary judgment is granted.

DATED:  March 28, 2006.

                                               _____
                                               UNITED STATES MAGISTRATE JUDGE

006/church.ss